[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14783
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 10, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:06-cr-00146-WKW-SRW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEX TYRONE MCNAIR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(June 10, 2011)

Before HULL, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Alex McNair appeals his 24-month above-guidelines sentence, imposed

under 18 U.S.C. § 3583(e)(3) after he tested positive for controlled substances in

violation of his supervised release. McNair argues that the district court abused its discretion and that the sentence is substantively unreasonable. He asserts that his violation of supervised release was the lowest offense level violation, and that the seriousness of the violation and just punishment for it can be reflected without the upward variance. Also, he argues that Probation did not recommend the maximum sentence under the guidelines, so there is room within the guidelines to accomplish the goal of promoting respect for the law. Additionally, McNair contends he would be adequately punished and deterred with a within-guidelines sentence, because such a sentence would cause him to miss his daughter's graduation and let down his family. Finally, he avers there is no evidence to show that he is any threat to the public.

A sentence imposed upon revocation of supervised release is reviewed for reasonableness. *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006). We review the reasonableness of a district court's decision to exceed the advisory sentencing range set forth in U.S.S.G. § 7B1.4 for an abuse of discretion. *United States v. Silva*, 443 F.3d 795, 798 (11th Cir. 2006).

"The review for substantive unreasonableness involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question." *United States v. Gonzalez*,

550 F.3d 1319, 1324 (11th Cir. 2008).  "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).  "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (quotations and alteration omitted).  We will vacate a sentence only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*), *petition for cert. filed*, (U.S. Nov. 24, 2010) (No. 10-727) (quotation omitted).

When sentencing a defendant upon revocation of supervised release pursuant to 18 U.S.C. § 3583(e), a district court must consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with training, medical care, or correctional treatment; (3) the Sentencing Guidelines' range; (4) pertinent Sentencing Commission policy

statements; (5) the need to avoid unwarranted sentencing disparities among similarly situated defendants with similar records; and (6) the need to provide restitution to victims. *See* 18 U.S.C. § 3583(e) (providing that the court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7) when sentencing a defendant upon revocation of supervised release); 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7)). If the original sentence was a result of a downward departure, then an upward departure may be warranted. U.S.S.G. § 7.B1.4 cmt. n.4.

For a class C felony like McNair's, a district court may not sentence a defendant to more than two years' imprisonment upon revocation of supervised release. 18 U.S.C. § 3583(e)(3). The guidelines recommend a sentencing range of 8 to 14 months for a grade C violation of supervised release when the defendant has a criminal history category of VI. U.S.S.G. §§ 7B1.1 and 7B1.4. We have consistently held that the policy statements in Chapter Seven are merely advisory and not binding, but the district court is nevertheless required to consider them. *Silva*, 443 F.3d at 799.

The district court did not abuse its discretion in sentencing McNair to 24-months' imprisonment. McNair had multiple previous probation and supervised release violations and revocations, he had a long criminal history, he received a

4

below-guidelines sentence for the underlying conviction, and he had a drug problem that needed treatment, which he could receive while imprisoned. Under the totality of these circumstances, the 24-month sentence was substantively reasonable. Accordingly, we affirm.

**AFFIRMED.**